Larry **PARKER** and Marie
Parker, Plaintiffs,

v.

**OLFA CORPORATION, Defendant.**

**Civ. A. No. 88–CV–72766–DT.**

United States District Court,
E.D. Michigan, S.D.

March 30, 1989.

William Dobreff, Warren, Mich., for plaintiffs.

Marshall G. MacFarlane, Troy, Mich., for defendant.

## OPINION

DUGGAN, District Judge.

Plaintiff Larry Parker[1] brings this products liability lawsuit seeking damages for an injury he suffered at work when the blade of a hand tool, manufactured by defendant, broke free and struck him in the eye. His complaint, filed in state court but thereafter removed by defendant[2], pleads implied warranty and negligence theories, among others, as bases for recovery. Defendant presently moves for partial summary judgment pursuant to Fed.R.Civ.P. 56 contending in part that, as a matter of law, plaintiff's implied warranty claim imposes no duty and, therefore, no liability separate and distinct from the negligence claim. This Court agrees.

The product at issue, a knife known as the Olfa Cutter 180, contained a blade with perforated breaking points at ¼ inch intervals. The breaking points allowed a user to quickly produce a fresh cutting edge. The product's disposable package contained certain warnings. Plaintiff was given the knife—but not the accompanying package containing the warnings—by his employer for various industrial applications. While using the knife, the blade snapped striking plaintiff in the eye.

■ Plaintiff's complaint, as amended, alleges in pertinent part:

[Defendant] breached ... warranties in any or all of the following manners:

a. the Olfa Cutter 180 was unreasonably dangerous;

b. the Olfa Cutter 180 was not of merchandise quality;

c. the Olfa Cutter 180 was not reasonably fit for its intended purpose; [and]

d. the Olfa Cutter 180 was not reasonably fit for the purpose the Plaintiff was using the Olfa Cutter [.]

¶ 15. The complaint does not elaborate; the brief filed by plaintiff opposing defendant's Motion for Partial Summary Judgment, however, does.[3] In such brief, plaintiff identifies the inadequacy of defendant's *warning* and/or *instructions* and the inferiority of the knife's *design* as the defects he considers actionable under implied warranty theory. The negligence claim of plaintiff's complaint makes reference to these same defects:

[Defendant] breached the [duty to use reasonable care] in any or all of the following manners including, but in no way limited to marketing, selling, designing and/or distributing:

*

*

*

d. a product with inadequate warnings and/or instructions;

e. a product with instructions or warnings that were not attached to or on the product;

*

*

*

h. a product which snaps with normal use and becomes a hazardous projectile;

i. a product with inadequate material, construction, specification, design, plan structure, and/or stress resistance;

---

**1.** Plaintiff's wife also joins the action. For purposes of this Opinion, however, it is unnecessary to refer to her.

**2.** Defendant invokes this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff's complaint named other defendants all of whom settled prior to the petition for removal.

**3.** Also pending before the Court is defendant's Motion to Strike Plaintiffs' Response. In this regard, defendant argues that the response was not timely filed pursuant to Local Rule 17(g). Because plaintiff's response aids the resolution of the motion for partial summary judgment, the Court in its discretion denies defendant's Motion to Strike.

j. a product that is excessively subject to breakage;

*

*

*

l. failing to use known safer methods of design; [and]

*

*

*

m. failing to warn the public known risks of injury[.]

Amended Complaint, ¶ 21. In this Court's opinion, plaintiff may proceed with his negligence claim, but *not* his implied warranty claim.

■ Under Michigan law,[4] where, as here, liability turns on the adequacy of a manufacturer's warning or instructions, or on the manufacturer's design choices, the issue is one of reasonable care. See *Smith v. E.R. Squibb & Sons, Inc.*, 405 Mich. 79, 88–91, 273 N.W.2d 476 (1979); *Prentis v. Yale Manufacturing Co.*, 421 Mich. 670, 681–691, 365 N.W.2d 176 (1984), respectively.

In *Squibb*, the Michigan Supreme Court wrote:

[W]hen the factual issue is ... whether the manufacturer has provided adequate warnings, the existence of a product defect and a breach of duty is determined by the same standard—reasonable care under the circumstances.

405 Mich. at 89–90, 273 N.W.2d 476. *See also Antcliff v. State Employees Credit Union*, 414 Mich. 624, 630, 327 N.W.2d 814 (1982) (refusing to draw a bright line between warnings and instructions, the court observed: "A manufacturer's liability ... should be assessed with reference to whether its conduct, including the dissemination of information about the product, was reasonable under the circumstances.")

*Prentis, supra,* similarly embraced a fault standard:

Imposing a negligence standard for design defect litigation is only to define in a coherent fashion what our litigants in this case are in fact arguing and what our jurors are in essence analyzing. Thus, we adopt, forthrightly, a pure negligence, risk utility test in products liability actions against manufacturers of products, where liability is predicated upon defective design.

421 Mich. at 691, 365 N.W.2d 176.

While the instant case is in a procedurally different posture than the decisions in *Squibb* and *Prentis*, both of which focused on a trial court's refusal to give implied warranty jury instructions, this Court does not believe that such distinction counsels against the result it reaches. *See Bogorad v. Eli Lilly & Co.*, 768 F.2d 93 (6th Cir. 1985):

*Prentis* teaches that ... the plaintiff must prove negligence even if it proceeds under implied warranty theory. Accordingly, on remand, *Bogorad will be limited to the negligence theory articulated in Count IV.*

*Id.* at 98 (footnote omitted) (emphasis added).

Plaintiff's brief filed in opposition to the motion for summary judgment not only identifies the product defects as design defects and inadequate warnings, but such brief also refers to the evidence which will be offered in support of his claims of a "defective" product. Plaintiff's proofs relate solely to design defect and failure to warn or inadequate warnings. Since plaintiff's criticism of the product is focused on defective design and inadequate warnings, his claims must be measured against a negligence standard.

The rule to be followed in cases such as this is clear. If a plaintiff's complaint sets forth only allegations of design defect or inadequate warnings, a breach of implied warranty claim based on design defect or inadequate warnings, when coupled with a negligence claim, is subject to a motion to

---

4. Michigan law applies inasmuch as Michigan is plaintiff's residence and the place of injury. *See*

*Penwest Dev. Corp. Ltd. v. Dow Chemical Co.,* 667 F.Supp. 436, 442–443 (E.D.Mich.1987).

dismiss pursuant to Fed.R.Civ.P. 12(b). Moreover, despite the allegations set forth in a complaint which alleges negligence and breach of implied warranty, if the Court is satisfied from the information presented to it in conjunction with a motion for summary judgment brought pursuant to Fed.R. Civ.P. 56 that all of the plaintiff's proofs are directed toward a design defect or inadequate warning, then the implied warranty claim based on these theories is subject to a summary judgment.

It is clear, in this case, that all of plaintiff's proofs are directed toward his allegations of design defect and inadequate warnings. To allow plaintiff to proceed with an implied warranty claim as well as a negligence claim would serve no useful purpose and only lead to potential jury confusion. *Prentis, supra* at 691. Accordingly, defendant's Motion for Partial Summary Judgment is granted.

An Order consistent with this Opinion shall issue forthwith.