RACEWAY PROPERTIES, INC., et al.,
Plaintiffs-Appellants,

v.

EMPRISE CORPORATION et al.,
Defendants-Appellees.

No. 77–3519.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 5, 1979.

Decided Jan. 31, 1980.

George F. Karch, Jr., Charles L. Freed, Thompson, Hine & Flory, Cleveland, Ohio, for plaintiffs-appellants.

Rodney D. Joslin, Robert Hanley, Jenner & Block, Barbara Steiner, Nicole Finitzo, Chicago, Ill., George I. Meisel, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendants-appellees.

Before WEICK, CELEBREZZE and KENNEDY, Circuit Judges.

PER CURIAM.

This case is before the court on appeal from a judgment entered by the district court dismissing plaintiffs-appellants civil antitrust suit. Appellants' second amended complaint specifically alleged that defendants had secured extensions of concession franchise agreements at Thistledown Race Track through the use of illegal monopoly

---

power, in violation of various federal and state antitrust provisions. The issues presented for appellate review are two: whether the district court's order is a final appealable order under 28 U.S.C. § 1291; and, whether the district court appropriately determined the scope of the relevant market within the context of appellants' antitrust claims. For the reasons stated below, we affirm.

The defendants-appellees are concessionaires engaged in the franchise concession business which consists of selling food, beverages, and other like items in numerous establishments like ball parks, race tracks, and airports. The appellants are the present owners and operators of Thistledown Race Track and are parties to a contract giving defendants exclusive rights to sell concessions at Thistledown. The appellants contend defendants secured extensions of the exclusive agreement in violation of law and seek a declaration that these extensions are illegal and unenforceable.[1]

In April of 1977 the parties filed cross-motions for summary judgment. On June 22, 1977 the district court entered an order denying both motions finding genuine issues of material fact making summary judgment inappropriate. In its memorandum opinion, the district court determined that the relevant market for purposes of appellants' claims was the franchise market, the market in which these franchise agreements were negotiated, and not the concession market, the market in which services are provided to spectators, as appellants strongly suggested. *See Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 512 F.2d 1264 (9th Cir. 1975).

Appellants took issue with the district court's determination of the relevant market. Appellants informed the court they believed the court's order effectively terminated the lawsuit since they were not prepared to and could not proceed with evidence regarding the relevant market outlined by the court. The appellants requested a formal order of dismissal so that they could proceed with an appeal challenging the district court's ruling on the scope of the relevant market. Such an order was entered and this appeal followed.

Initially, we must direct our inquiry to the appealability of the district court's order of dismissal pursuant to 28 U.S.C. § 1291. Appellees contend that since appellants solicited the dismissal of the case, the order is not an adverse involuntary judgment from which an appeal can be properly taken. *See Scholl v. Felmont Oil Co.*, 327 F.2d 697 (6th Cir. 1964).

■ Appellants contend that jurisdiction exists for two reasons. Appellants submit the dismissal was involuntary and adverse since the district court's articulation of the relevant market effectively dismissed the case against appellants. Appellants argue they could not proceed in the context of the market outlined by the court and therefore the court's order foreclosed any possibility of continuing with the proceedings. Appellants submit they sought the formal order of dismissal in order to insure the appealability of the district court's ruling. Appellants also argue that the dismissal was with prejudice pursuant to Fed.R.Civ.P. 41(b) and therefore involuntarily adverse. We agree with appellants that the judgment below is appealable since appellants solicitation of the formal dismissal was designed only to expedite review of an order which had in effect dismissed appellants' complaint. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

■ With regard to the merits, we agree with the district court that the relevant market in the instant case is the franchise market and not the concession market. We find, as did the district court, the arguments and rationale of the ninth circuit in *Twin City Sportservice, Inc. v. Charles O.*

---

1. Appellants purchased their respective interests in the race track in the early 1960s. At the time of purchase the appellants agreed to assume the vendor's obligation to appellees re-garding the existing exclusive franchise agreement. Since that time appellants have also agreed to further extensions of the exclusive franchise agreement. *See* J.App. Vol. I 5–23.

*Finley & Co.,* 512 F.2d 1264 (9th Cir. 1975), particularly persuasive. In *Twin City* the ninth circuit held that in situations akin to the present case there are two markets. One market consists of concessionaires who sell their products to fans who attend these events, the concessions market. The other market consists of owners of stadia, arenas, and airports who sell franchises to concessionaires generally in return for a share of the concessionaire's gross receipts. In the present case, as in *Twin City,* the antitrust allegations concern alleged improprieties in the sale or extensions of franchise contracts. Thus, the franchise market is the relevant market within the context of this case.

Accordingly, it is hereby ORDERED that the judgment of the district court should be and is affirmed.