**Julius LACZAY and Jolanda Laczay, Plaintiffs–Appellants,**

v.

**ROSS ADHESIVES, A DIVISION OF CONROS CORPORATION, et al., Defendants–Appellees.**

No. 87–1886.

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1988.

Decided Aug. 26, 1988.

Rehearing and Rehearing En Banc Denied Oct. 11, 1988.

Alan B. Posner (argued), Kelman, Loria, Downing, Schneider & Simpson, Detroit, Mich., for plaintiffs-appellants.

Dan W. Chandler (argued), John A. Entenman, Detroit, Mich., for defendants-appellees.

Before: LIVELY and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.

LIVELY, Circuit Judge.

This appeal requires us to determine the conditions under which a party may appeal from a stipulated judgment dismissing an action. As a general rule, neither party may appeal from an agreed judgment because it is not an involuntary adverse judgment. There is an exception, however, when the appellants' "solicitation of the formal dismissal was designed only to expedite review of [a prior] order which had in effect dismissed appellants' complaint." *Raceways Properties, Inc. v. Emprise Corp.,* 613 F.2d 656, 657 (6th Cir.1980). In this case the plaintiffs contend that denial of their motion to remand the action after removal effectively dismissed it.

### I.

#### A.

The plaintiff Julius Laczay filed suit in a Michigan court seeking damages and rein-

statement to a position with Ross Adhesives, where he had worked for sixteen years before being terminated on August 15, 1986. In Count 1 of the complaint, Laczay charged the defendants with violating the age discrimination prohibitions of Michigan's Elliott–Larsen Civil Rights Act. In Count II the plaintiff alleged that the defendants misrepresented their intent to discontinue the Michigan operations where Laczay was employed, and fraudulently obtained a release from the plaintiff of claims against the defendants in exchange for $320. The plaintiff tendered back the payment and sought a declaration that the release was void. In Count III Jolanda Laczay sought damages for loss of consortium. Since Count III does not figure in this appeal, references to the plaintiff or Laczay will relate to Julius Laczay.

Before answering, the defendants filed a petition for removal of the action to the United States District Court for the Eastern District of Michigan. As the ground for removal the defendants asserted that the district court had original jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because the release referred to in Count II was obtained pursuant to a termination agreement between the defendants and the union that represented the plaintiff. In their answer the defendants denied the operative allegations of the complaint and pled as affirmative defenses the plaintiff's failure to exhaust administrative remedies under the collective bargaining agreement between his union and employer, and the statute of limitations applicable to § 301 actions.

### B.

The plaintiff filed a motion to remand, arguing that the complaint raised only state causes of action and issues that were not "inextricably intertwined" with consideration of the terms of the collective bargaining agreement. In extensive briefing the parties argued the difficult issue of when a claim by an employee against an employer is preempted by § 301 because it implicates a labor contract. In *Allis–*

*Chalmbers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985), the Supreme Court stated that the analysis must focus on "whether evaluation of the [state law] claim is inextricably intertwined with consideration of the terms of the labor contract."

The district court denied the motion to remand, concluding that the gravamen of the complaint was that Laczay "was terminated pursuant to an invalid termination agreement between his union and his employer." Thus, in the court's view, the plaintiff's claims were " 'inextricably intertwined' with the terms of this agreement and the negotiating process that led to ... Laczay's execution of the release he is now challenging." The plaintiff filed a motion for reconsideration, citing a more recent Supreme Court decision, *Caterpillar, Inc. v. Williams*, ––– U.S. –––, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), but raising no new issues. The district court found *Caterpillar* inapplicable, and denied the motion.

### C.

The next docket entry of substance, after the order denying reconsideration, consists of a stipulation and order of dismissal with prejudice. These documents read as follows:

### STIPULATION DISMISSING ACTION

Plaintiffs stipulate that they have not satified [sic] the prerequisites to the bringing of an action under § 301 of the Labor Management Relations Act (i.e., exhaustion of grievance procedure and/or internal union appeal). Plaintiffs therefore stipulate that this action may be dismissed with prejudice and without costs, it being Plaintiffs' position that Plaintiffs should be permitted to pursue state causes of action in the state court, but this Honorable court having ruled against Plaintiffs on that issue. Attached is the agreed Dismissal Order.

DAN W. CHANDLER (P26533)
Attorney for Defendants

ALAN B. POSNER (P27981)
Attorney for Plaintiffs

* * *

DISMISSAL ORDER

At a session of said Court held on the 28 day of Aug., 1987:

* * *

Upon stipulation of the parties, it is ordered that the above captioned action is dismissed with prejudice and that each party shall bear their own fees and costs of action.

Robert DeMascio

UNITED STATES DISTRICT JUDGE

It is undisputed that counsel for the plaintiff prepared the stipulation and forwarded it to counsel for the defendant, who added the last sentence, signed it, and returned it with the order of dismissal that he had prepared. Counsel for the plaintiff then forwarded both documents to the district court, where they were entered after the district judge signed the order. The plaintiff then appealed to this court, and the defendants raised the issue of his right to appeal in their brief.

## II.

### A.

The Supreme Court recognized an exception to the general rule that one who voluntarily dismisses his or her complaint has no right of appeal in *United States v. Procter & Gamble Co.,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). In *Procter & Gamble* the government refused to comply with a trial court order directing it to turn over to the defendant in a civil antitrust action certain grand jury testimony taken in a related criminal investigation that had produced no indictments. In order to avoid risking a contempt citation, the government filed a motion for the district court to amend its order to provide that if production was not made the court would dismiss the complaint. The defendant did not oppose the motion and an amended order was entered. When the government did not produce the transcripts, the district court entered an order of dismissal.

On direct appeal from the district court, the Supreme Court held that the appeal could be maintained because the government "did not consent to a judgment against [it], but only that, if there was to be such a judgment, it should be final in form instead of interlocutory, so that [it] might come to this court without further delay." *Id.* at 681, 78 S.Ct. at 986, quoting *Thomsen v. Cayser,* 243 U.S. 66, 83, 37 S.Ct. 353, 358, 61 L.Ed. 597 (1917). The Court found that the United States had consistently opposed the request for grand jury materials, and "[w]hen the Government proposed dismissal for failure to obey, it had lost on the merits and was only seeking an expeditious review." *Id.* 356 U.S. at 680–81, 78 S.Ct. at 985–86.

At least one court has limited the application of *Procter & Gamble* to cases where the appellant faces the prospect of contempt. See *Plasterers Local Union v. Wyland Enterprises, Inc.,* 819 F.2d 217, 218–19 (9th Cir.1987). However, this court has applied *Procter & Gamble* more broadly. In *Raceway Properties, Inc. v. Emprise Corp.,* 613 F.2d 656 (6th Cir.1980), the district court entered an interlocutory order holding that the relevant market in a private antitrust case was different from that claimed by the plaintiffs. The plaintiffs advised the court that they were not prepared to proceed with evidence regarding the relevant market outlined by the court and that they believed the order effectively terminated the lawsuit. The plaintiffs then requested the court to enter a formal order of dismissal so they could challenge the relevant market ruling on appeal. The order was entered, and the defendant sought dismissal of the appeal on the ground that the order was not appealable. Citing *Procter & Gamble,* this court found the order of dismissal was appealable because the appellants' "solicitation of the formal dismissal was designed only to expedite review of an order which had in effect dismissed appellants' complaint." 613 F.2d at 657.

The court reached the same result in *Bogorad v. Eli Lilly & Co.,* 768 F.2d 93 (6th Cir.1985). In that case the plaintiff sought dismissal in the district court because she concluded that a preliminary order in her product liability case foreclosed her only viable claim. The court granted her motion after offering to hear the case on another theory. In denying the defendant's motion to dismiss the appeal, this court relied on *Procter & Gamble* and *Raceway Properties* to find that the gener-

al rule against appealing voluntarily dismissed actions did not apply.

The only case of which we are aware that involves an attempt to appeal from a voluntary dismissal following denial of a motion to remand was decided under the general rule long before the Supreme Court recognized an exception in *Procter & Gamble.* See *Kelly v. Great Atlantic & Pacific Tea Co.*, 86 F.2d 296 (4th Cir.1936). This court followed *Kelly* in *Management Investors v. United Mine Workers*, 610 F.2d 384 (6th Cir.1979), without citing *Procter & Gamble.* A careful reading of *Kelly* and *Management Investors* discloses that in both cases the plaintiffs sought and received dismissals *without prejudice* following trial court rulings that they felt doomed their cases. The *Kelly* court explained its reasoning that such a dismissal is not appealable as follows:

> If plaintiff, after refusing to proceed, had not taken a voluntary nonsuit, defendant could have insisted on a verdict and judgment on the merits, which would have been determinative of the rights of the parties and would not have left plaintiff at liberty to commence another action for the same cause, as is his right under the voluntary nonsuit.

86 F.2d at 297. The court in *Management Investors* followed the same reasoning since the dismissal was without prejudice.

### B.

It appears that the "no appeal from a voluntary dismissal" rule is ironclad only with respect to dismissal without prejudice. A majority of the courts of appeals that have ruled on the issue appear to accept this court's formulation in *Raceway Properties* of an exception when the dismissal is with prejudice and "designed only to expedite review" of a prior order having the effect of a dismissal. See *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir.1987); *Studstill v. Borg Warner Leasing*, 806 F.2d 1005, 1008 (11th Cir.1986); *cf. Coughlin v. Regan*, 768 F.2d 468, 470 (1st Cir.1985); *LeCompte v. Mr. Chip Inc.*, 528 F.2d 601, 603 (5th Cir.1976). On the other hand, the

Ninth Circuit held in *Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (1986), that a plaintiff who consented to the dismissal of his action with prejudice deprived the court of appeals of jurisdiction to hear his appeal. The court stated, "A plaintiff may not appeal a voluntary dismissal because it is not an involuntary adverse judgment against him." *Id.* (footnote omitted). This appears to be inconsistent with the court's statement in *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1342 (9th Cir. 1985), as corrected in 773 F.2d 1049 (1985): "While a plaintiff cannot appeal a voluntary dismissal without prejudice, he or she may appeal a dismissal with prejudice." At any rate, this court appears to be firmly committed to recognizing the exception in proper cases when the dismissal is with prejudice.

### III.

■ Since ordinarily a party who consents to entry of a judgment has no right to appeal, one who seeks to come within an exception to this rule should make his or her intention known to the court and opposing parties. As the court stated in *Coughlin v. Regan*, "While it is possible for a party to consent to a judgment and still preserve his right to appeal, he must reserve that right unequivocally, as it will not be presumed." 768 F.2d at 470.

It is manifest from the text of the Supreme Court opinion in *Procter & Gamble* that the government did make it clear to the district court and to the defendant that it requested a final order of dismissal solely for the purpose of expediting an appeal. The same is true with respect to this court's opinion in *Raceway Properties*, where the court wrote that "[t]he appellants requested a formal order of dismissal so that they could proceed with an appeal challenging the district court's ruling on the scope of the relevant market." 613 F.2d at 657. While the brief discussion of the issue in *Bogorad* does not make the point as directly, it is there by implication. The court's opinion states that the district court had offered to proceed on a second theory after closing the door on the plain-

tiff's preferred theory. Thus, there was discussion of alternatives before the plaintiff sought a final order "designed only to expedite review." 768 F.2d at 94.

## IV.

■ Since the solicited dismissal in this case was with prejudice, we must determine whether the present case comes within the exception. We conclude it does not, and find the course followed by the plaintiff troubling in several respects. The basic requirement for appealability of a consent judgment is that the one proposing or soliciting it shall have "lost on the merits and [be] only seeking an expeditious review." *Procter & Gamble*, 356 U.S. at 681, 78 S.Ct. at 985. It is not at all clear that Laczay had lost on the merits when the district court denied his motion to remand to the state court. In the stipulation for dismissal the plaintiff stated that he had not satisfied the requirement of a § 301 action that there be an exhaustion of grievance procedures or internal union remedies. In his reply brief, the plaintiff added as a second reason for considering his case a lost cause under § 301 that it would have been barred by the six-month statute of limitations for § 301 actions prescribed by the Supreme Court in *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed. 2d 476 (1983).

These contentions overlook several important facts. In Count II the plaintiff pled fraudulent misrepresentations by the defendants which, if proved, might have excused, or at least extended the time for pursuing internal remedies until the fraud was discovered. The complaint stated that "since approximately October 1986 or earlier" the defendants continued to carry on operations that they had represented to the plaintiff were being discontinued. If the plaintiff would have reasonably discovered this alleged misrepresentation in October 1986, his complaint filed April 1, 1987, arguably would have been within the six-month limitations period of *DelCostello*. Beyond that, however, the plaintiff's action is a "straightforward" § 301 contract action, not a "hybrid § 301/fair representation claim" against his employer and his union. *DelCostello* involved a hybrid action, and it is not at all clear that the six-month limitations period prescribed for such actions applies to all contract actions by an employee against an employer. In these "straightforward" cases, *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), requires application of the most analogous state statute of limitations. This is evident from the limiting language of *DelCostello* that "resort to state law remains the norm for borrowing of limitations periods." 462 U.S. at 171, 103 S.Ct. at 2294. For these reasons, it cannot be said with certainty that the plaintiff had finally lost on the merits once his case was deemed a § 301 action.

At oral argument counsel for the plaintiff said he was abandoning the fraud claim. However, he could have tendered an amendment to the district court deleting Count II after the court ruled on his motion to remand. Then the district court would have had an opportunity to reconsider the remand question in the light of a complaint charging nothing but an age discrimination violation under the state civil rights act. Instead, the plaintiff stipulated for dismissal and filed a notice of appeal.

Under all of these circumstances we do not believe this is an appropriate case for an appeal from a dismissal entered at the behest of the party now seeking to appeal. It was incumbent upon the plaintiff to determine by careful analysis whether the prior ruling of the court actually did have the effect of a final adverse judgment on the merits. If such a determination was made, he then had the responsibility to inform the court and opposing parties that he was seeking a final order of dismissal with prejudice for the sole purpose of obtaining an expeditious review of the prior order, and of reserving that right unequivocally in the stipulation or the order. Having done none of these things, the plaintiff did not preserve a right of appeal.

The appeal is dismissed at the plaintiff-appellant's cost.