NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2008[*]
Decided July 30, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1309

| | |
|---|---|
| LARRY W. RADER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 3:07-cv-00709-bbc |
| JOHNSON & JOHNSON, et al., | |
| *Defendants-Appellees*. | Barbara B. Crabb, |
| | *Chief Judge*. |

**ORDER**

Larry Rader, proceeding pro se, voluntarily dismissed his negligence claims against Johnson & Johnson, its subsidiary McNeil PPC, Inc., and Teva Pharmaceuticals USA, Inc., under the mistaken impression that doing so was the quickest way for this court to review the denials of his motions for a default judgment. Although Rader challenges the district court's denials of his motions, he does not have the right to appeal.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

Rader's state-court complaint alleged that his wife died because the defendants negligently failed to warn of the dangers of ingesting together certain medications. After the defendants removed the case to federal court, Rader moved for a default judgment, believing that the defendants failed to timely answer his complaint. Judge Shabaz denied Rader's motion against Teva and recused himself from the case two days later. Chief Judge Crabb then denied Rader's motion against Johnson & Johnson and McNeil. The next day, presumably before Rader became aware of Chief Judge Crabb's order, Rader moved to vacate Judge Shabaz's order and also requested permission to appeal if the motion was denied. But before the court ruled on that motion, the parties filed a joint stipulation in which Rader agreed to dismiss on the merits all claims in his complaint. The stipulation did not reserve a right to appeal the denial of Rader's default motions. Chief Judge Crabb approved the stipulation and dismissed the case. *See* FED. R. CIV. P. 42(a)(2).

Rader contends that the district court erroneously denied his motions for a default judgment because, he insists, the defendants' answers to his complaint were untimely. But we cannot consider that argument because Rader voluntarily dismissed his claims against the defendants. Plaintiffs normally have "neither the reason nor the right" to appeal after voluntarily dismissing their claims because they chose to end their lawsuits and have received the relief they desired. *Chavez v. Ill. State Police*, 251 F.3d 612, 654 (7th Cir. 2001); *Boland v. Engle*, 113 F.3d 706, 714 (7th Cir. 1997). This principle prevents plaintiffs from manufacturing final decisions to circumvent normal interlocutory rules. *See Boland*, 113 F.3d at 714. The Sixth Circuit allows a plaintiff to appeal a voluntary dismissal if, among other things, the plaintiff reserves the right to appeal in the stipulation of dismissal. *Laczay v. Ross Adhesives*, 855 F.2d 351, 355 (6th Cir. 1988). We have not adopted that exception, but even if we had, it would not apply here because Rader did not reserve his right to appeal in his stipulation.

In his reply brief Rader contends that he had to dismiss his case in order to appeal the denials of his default motions. But Rader misunderstood the effect of his stipulated dismissal, and, as we concluded in *Boland*, we cannot allow plaintiffs to circumvent rules for interlocutory appeals to exploit a perceived tactical advantage. *See* 113 F.3d at 714. Furthermore, although Rader's mistake may have been the result of his proceeding pro se, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Finally Rader may have avoided this result had he waited for Chief Judge Crabb's answer to his request for permission to appeal. She may have clarified that an interlocutory appeal on that issue would be inappropriate.

DISMISSED.