NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1257n.06

No. 11-6049

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Dec 06, 2012**
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| KIM BROWN, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES, INC.; EXXON MOBIL | ) |
| CORPORATION; EQUIFAX INC.; CITIBANK, | ) |
| N.A., dba Citi, dba Citicorp; GE MONEY BANK; | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) ON APPEAL FROM THE UNITED |
| aka Experian plc; LVNV FUNDING, LLC, aka IVNV | ) STATES DISTRICT COURT FOR |
| Funding, LLC; CITIGROUP, INC.; GENERAL | ) THE WESTERN DISTRICT OF |
| ELECTRIC COMPANY, | ) TENNESSEE |
| | ) |
| Defendants-Appellees, | ) |
| | ) |
| and | ) |
| | ) |
| TRANS UNION, LLC; MIDLAND FUNDING, LLC; | ) |
| MIDLAND CREDIT MANAGEMENT, INC.; | ) |
| ENCORE CAPITAL GROUP, INC.; AIS | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. Kim Brown, a pro se Tennessee resident, appeals a district court judgment dismissing his complaint filed pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq., and Tennessee state law.

According to Brown, the events preceding the filing of his complaint began when he received a letter from Midland Credit Management, Inc. (MCM) in October of 2008, seeking to collect

payment on a "GE/Wal-Mart account" recently purchased by Midland Funding LLC. Brown informed MCM that he did not have a Wal-Mart credit card. MCM in turn referred him to Wal-Mart Stores, Inc. (Wal-Mart), which indicated that an account had been opened in 2005 through its licensee, GE Money Bank (GEMB). The applicant listed an address where Brown had never lived and a social security number that partially matched Brown's number. Brown then checked his credit report and discovered a delinquent Exxon credit card account which had been issued by Citibank. Upon contacting the relevant collection agency, LVNV Funding, LLC (LVNV), Brown learned that the applicant had used the same address and social security number provided for the Wal-Mart account. Brown was unable to have the inaccurate information removed from his credit file. These events allegedly caused Brown to suffer emotional distress and resulted in the denial of business loan applications and a retail credit card application. Consequently, Brown filed the instant lawsuit in February 2009.

In his complaint, as amended on November 23, 2009, Brown sought monetary damages from Wal-Mart; Exxon Mobil Corporation (Exxon); GEMB; Citibank (South Dakota), N.A.; Citigroup Inc.; General Electric Company (GE); Midland Funding LLC; MCM; Encore Capital Group, Inc. (Encore); LVNV; AIS Services, LLC (AIS); Trans Union LLC; Experian Information Solutions, Inc. (Experian); and Equifax Inc. Brown alleged that: 1) the defendants intentionally inflicted emotional distress; 2) the defendants negligently subjected him to emotional distress; 3) the defendants maliciously published a false consumer report; 4) the defendants cast him in a false light through their publication of a false consumer report; 5) Wal-Mart, Exxon, GE, GEMB, Citibank, Citigroup, Trans Union, Experian, and Equifax violated the FCRA by using flawed methods to verify new customer information and by failing to investigate and correct inaccuracies in his credit file; 6) Wal-Mart, Exxon, GE, GEMB, Citibank, Citigroup, Trans Union, Experian, and Equifax engaged in unfair and deceptive business practices in violation of the Tennessee Consumer Protection Act; 7) Wal-Mart, Exxon, GE, GEMB, Citibank, Citigroup, Trans Union, Experian, and Equifax committed

fraud or made false representations by allowing an imposter to obtain credit in his name; 8) Wal-Mart, Exxon, GE, GEMB, Citibank, Citigroup, Trans Union, Experian, and Equifax failed to confirm his identity; 9) Wal-Mart, Exxon, GE, GEMB, Citibank, Citigroup, Trans Union, Experian, and Equifax violated state law by issuing a false consumer report; 10) Wal-Mart, Exxon, GE, GEMB, Citibank, Citigroup, Trans Union, Experian, and Equifax acted negligently by failing to confirm his identity; 11) Wal-Mart, Exxon, GE, GEMB, Citibank, Citigroup, Trans Union, Experian, and Equifax engaged in negligent enablement of identity fraud; 12) Wal-Mart, Exxon, GE, GEMB, Citibank, Citigroup, Trans Union, Experian, and Equifax maliciously interfered with a business relationship; and 13) the defendants defamed him. All of the defendants except Trans Union, Experian, and Equifax filed motions to dismiss.

The parties consented to have a magistrate judge hear the case. The magistrate judge construed the federal claims against the moving defendants as brought pursuant to section 1681s-2(a) and section 1681s-2(b). The magistrate judge observed that Brown had not raised any FCRA claim against Midland Funding, MCM, LVNV, Encore, or AIS, and that there was no private cause of action under section 1681s-2(a). With respect to claims brought under section 1681s-2(b), the magistrate judge permitted them to proceed because no defendants had moved to dismiss those claims. With respect to the state law claims, the magistrate judge concluded that they were preempted by the FCRA and/or lacked merit. Thus, the magistrate judge dismissed Brown's allegations against Midland Funding, MCM, LVNV, Encore, and AIS.

Brown moved to compel discovery from Trans Union and Experian. Trans Union responded with its own motion to compel discovery and for attorney fees. The magistrate judge granted Trans Union's motion in part, denied Brown's motions to compel, and granted Trans Union's and Experian's motions for reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5). The magistrate judge awarded $5,680 to Experian and $2,394 to Trans Union.

Brown filed a motion for a default judgment against Equifax. The magistrate judge denied Brown's motion, and the parties thereafter entered into a stipulation of dismissal. Brown subsequently entered into a stipulation of dismissal with Trans Union as well.

Experian moved for a protective order to limit discovery and for attorney fees. The magistrate judge granted the motion and awarded Experian $7,608. On the same day, the magistrate judge denied Brown's motion to compel discovery from GEMB and Citibank as moot due to its withdrawal. The magistrate judge awarded reasonable expenses jointly to these defendants in the amount of $2,990.50.

Upon consideration of Experian's summary judgment motion, the magistrate judge construed the complaint as raising two claims against Experian: 1) that Experian had failed to follow reasonable procedures to assure the accuracy of consumer reports, in violation of sectoin 1681e(b); and 2) that Experian had failed to conduct a reasonable reinvestigation to determine the accuracy of disputed information, in violation of section 1681i(a). The magistrate judge granted summary judgment to Experian and to all other remaining defendants. Brown then filed a timely notice of appeal.

Experian, Wal-Mart, Exxon, GEMB, and Citibank subsequently filed bills of costs in the district court. After a hearing, the district court clerk issued an order awarding costs in the amount of $1,135.97 to Experian and in the joint amount of $2,508.10 to Wal-Mart, Exxon, GEMB, and Citibank. *See* Fed. R. Civ. P. 54(d). Brown appealed to the magistrate judge, who upheld the award. Brown did not file a second notice of appeal.

In his brief, Brown argues that: 1) Experian violated sections 1681e(b), 1681i(a), 1681c-1, and 1681(b); 2) GEMB, Citibank, MCM, Midland Funding, and LVNV violated section 1681s-2(b); 3) the magistrate judge erred by holding that he had not raised FCRA claims against Midland Funding, MCM, LVNV, and AIS in his complaint; 4) the magistrate judge erred by dismissing his FCRA claims for damages for emotional distress caused by the furnishers of information and

Experian; 5) his state law claims were not preempted by the FCRA because he had sufficiently pleaded malice and willful intent to injure; 6) the magistrate judge erred by denying his motion for default judgment against Equifax; and 7) the magistrate judge was biased against him. Brown has also filed a motion to stay the post-judgment award of costs. After Brown filed his brief, we granted joint stipulations to dismiss Midland Funding, MCM, Encore, and AIS from this appeal.

Upon de novo review, we conclude that the magistrate judge properly granted summary judgment to Experian on the FCRA claims. *See Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir. 1995). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Brown's section 1681e(b) claim that Experian failed to use reasonable procedures lacks merit because Brown presented no evidence that Experian had issued a consumer report about him. *See Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004). Under the plain language of section 1681e(b), Brown cannot maintain a claim for allegedly improper procedures unless the consumer reporting agency actually issued a consumer report about him.

Brown's section 1681i(a) claim that Experian failed to conduct a reasonable investigation of disputed credit information fails because Brown did not present evidence that he had given Experian notice that he was disputing the information concerning the Wal-Mart and Exxon accounts. At a deposition, an Experian representative explained that Brown had added a statement to his credit file about the Wal-Mart account over the internet and that such a statement is "verified" by the consumer clicking on an "okay" button. At that point, a pop-up window would let the consumer know that Experian was only adding a statement and not contacting the creditor. To dispute information, a consumer must click on a "dispute this item" button next to the account. Alternatively, a consumer can notify Experian of a dispute by mail, phone, or fax. With respect to the Exxon account, Brown likewise added a statement in March 2009 that he disputed the account

information, but did not properly request a reinvestigation. Thus, through this deposition testimony Experian met its burden of showing a lack of evidence that Brown provided adequate notice of any dispute. Brown's statement in his affidavit that he had asked Experian "several times in October of 2008" for a reinvestigation was insufficient to rebut Experian's well-supported motion. Brown did not indicate how he had contacted Experian or detail any request for reinvestigation.

Brown fails to identify where he stated claims pursuant to sectoin 1681c-1 and section 1681b against Experian in his complaint, and we have no duty to scour the record to locate them. Although pro se pleadings are to be liberally construed, we are not required to conjure up allegations not pleaded or guess at the nature of an argument. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Upon de novo review, we conclude that the magistrate judge properly held that Brown failed to state any FCRA claim against LVNV, whether pursuant to section 1681s-2(b) or any other section of the FCRA. *See* Fed. R. Civ. P. 12(b)(6); *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 704 (6th Cir. 2009). In determining whether a complaint states a claim, a court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Brown does not address the magistrate judge's holding that Brown failed to raise an FCRA claim against LVNV in his complaint, and review of the complaint does not reveal any such claim. Brown waived his section 1681s-2(b) and other FCRA claims with respect to MCM and Midland Funding because he stipulated to their dismissal with prejudice. *See Laczay v. Ross Adhesives*, 855 F.2d 351, 354 (6th Cir. 1988).

The magistrate judge properly granted summary judgment to GEMB and Citibank on the section 1681s-2(b) claims. With respect to the Exxon account, Citibank and GEMB submitted affidavits that they did not receive any notice of dispute from a consumer reporting agency. Thus, Citibank and GEMB had no duty under section 1681s-2(b)(1) to conduct an investigation into

disputed information and to report results to consumer reporting agencies. Brown's allegations that he directly informed Citibank and GEMB did not obligate them to investigate. A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615–16 (6th Cir. 2012). Directly contacting the furnisher of credit information does not actuate the furnisher's obligation to investigate a complaint. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

With respect to the Wal-Mart account, GEMB indicated in its affidavit that it had received four notices of dispute between December 2009 and March 2010. In each instance, GEMB responded that it had sold the account on December 27, 2006. Because GEMB did not receive notice until after Brown had amended his complaint in November 2009, any damages alleged in his complaint could not have resulted from any action taken by GEMB.

We further conclude that Brown has waived any FCRA claim against AIS because he stipulated to its dismissal with prejudice from his appeal. *See Laczay*, 855 F.2d at 354. We decline to consider his argument that a court may award damages for emotional distress regardless of whether an FCRA violation led to the denial of credit. Brown's FCRA claims fail on the merits for the reasons discussed above with respect to Experian and GEMB, and the magistrate judge did not reach the issue of emotional distress with respect to any other defendant.

Brown misconstrues the magistrate judge's ruling concerning preemption. The magistrate judge did not hold that *all* state law claims were preempted because Brown insufficiently pleaded malice. Rather, the magistrate judge held that section 1681h(e) of the FCRA preempted the first, fourth, and seventh claims as to the consumer reporting agencies because of insufficient pleading of malice and willful intent.

Brown has waived his preemption argument as to Equifax and Trans Union because he stipulated to their dismissal with prejudice and without reservation of the right to appeal claims

against them. *See id*. The magistrate judge properly concluded that Brown failed to state a claim as to Experian. We have not yet decided whether section 1681h(e)'s exception for claims alleging malice or willful intent has been overridden by section 1681t(b)(1)(F), which was enacted later. *See Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47–48 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 2113 (2012); *Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011). Even if section 1681h(e)'s exception remains, Brown's claims still fail because his allegations of malice and willful intent are too vague and conclusory to state a claim. *See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 377 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1583 (2012).

To the extent that Brown seeks to generally appeal the denial of other state-law claims, we decline to consider them because Brown did not brief them. Issues "adverted to . . . in a perfunctory manner, unaccompanied by some effort at developed argumentation," are deemed waived. *Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (quotation marks and citations omitted).

We decline to consider whether the magistrate judge should have granted Brown's motion for a default judgment against Equifax. Brown waived his right to appeal the decision by later stipulating to the dismissal of Equifax with prejudice and without reservation of the right to appeal claims against it. *See Laczay*, 855 F.2d at 354.

Brown argues that the magistrate judge exhibited bias against him by cryptically commenting at a scheduling hearing in April of 2010 that Brown had brought "this" on himself and by imposing monetary sanctions without warning beginning in November of 2010. Brown contends that the bias is the result of two cases he brought where the magistrate judge's family members acted as legal counsel. In the first, the magistrate judge's husband represented a defendant physician between 2006 and 2008. In the second case, Stephen Vescovo, who allegedly is either a relative or ex-husband of the magistrate judge, currently represents Christian Brothers University. Furthermore, the magistrate judge had sent her sons to the possibly affiliated Christian Brothers High School.

The magistrate judge did not err by failing to recuse herself under 28 U.S.C. § 455. A magistrate judge must recuse himself or herself only "'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). Brown's allegations are conclusory and do not support an appearance of bias or conflict of interest. Critical judicial remarks generally "do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). No reasonable person would question the magistrate judge's impartiality based on her husband's representation of a defendant in Brown's prior unrelated case. *See Hook v. McDade*, 89 F.3d 350, 355–56 (7th Cir. 1996). Brown's beliefs about Stephen Vescovo's relationship to the magistrate judge are insufficient to form a basis for the magistrate judge's disqualification. *See Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990). Furthermore, judicial rulings, such as the awards of costs, will almost never serve as a valid basis for recusal and are most often simply grounds for appeal. *See Liteky*, 510 U.S. at 555.

Regardless, the magistrate judge did not abuse her discretion by assessing fees against Brown without warning for discovery violations under Rule 37. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997). Where a party successfully moves to compel discovery, a court generally "must" require the non-moving party to pay reasonable expenses incurred in making the motion unless "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Likewise, where a motion to compel is denied, the court "must" order the movant to pay reasonable expenses absent special circumstances. Fed. R. Civ. P. 37(a)(5)(B). Although a judge should warn a party before dismissing a suit due to discovery violations, *Harmon*, 110 F.3d at 366–67, nothing in the language of the Rule requires a judge to warn a litigant before awarding fees to the other party. Furthermore, we decline to review the magistrate judge's post-judgment award of costs to the

defendants because Brown did not file a second notice of appeal. *See McCarter v. Ret. Plan for Dist. Managers of Am. Family Ins. Grp.*, 540 F.3d 649, 652–53 (7th Cir. 2008).

We affirm the district court's judgment and we deny all pending motions as moot.