**J. Kenneth SERGESON, Edwin M. Sickler, Jr., Janet A. Caggiano, John K. Ashcraft, Donald L. Masten and L. Baker Dietrich, Plaintiffs Below, Appellants,**

v.

**DELAWARE TRUST COMPANY and William S. Satterthwaite, Co-Trustees under Will of Henry Gregg Danby, and Michael Stern, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted March 12, 1980.

Decided March 25, 1980.

---

Edward M. McNally (argued), and George C. Hering, III, of Morris, James, Hitchens & Williams, Wilmington, for plaintiffs-appellants.

Daniel F. Lindley (argued), and Blaine T. Phillips of Potter, Anderson & Corroon, Wilmington, for appellees Delaware Trust Co. and William S. Satterthwaite.

Jeffrey M. Weiner (argued), and Howard M. Handelman of Bayard, Brill & Handelman, Wilmington, for appellee Michael Stern.

Before McNEILLY, QUILLEN and HORSEY, JJ.

PER CURIAM:

The letter opinion of the Vice Chancellor stated the basic facts in the following accurate manner.

"This action is one which seeks the rescission of a sale of corporate stock. The stock in question is 7,320 shares of the Penns Grove National Bank and Trust Company, a New Jersey corporation. The plaintiffs are a group of individuals affiliated with the bank who were interested in purchasing the stock for a consortium they had formed among themselves. Prior to the sale in question, the stock had constituted a part of the corpus of a trust established under the last will and testament of Harry Gregg Danby, deceased. The defendant Delaware Trust Company is now the sole trustee under this testamentary trust, its former individual co-trustee, William S. Satterthwaite, having died since the inception of this litigation. The defendant Michael Stern, a resident of New Jersey, is the person who purchased the aforesaid shares of stock from the Danby Trust for the price of $80 per share."

The defendants moved to dismiss on several grounds. The Vice Chancellor granted the motion to dismiss "as to the defendant Stern due to a lack of jurisdiction over his person". *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The balance on the case fell as well "due to the inability of the plaintiffs to join Stern as an indispensable party under Rule 19." The plaintiffs have appealed.

We affirm but on a narrower basis than the constitutional basis relied on by the Vice Chancellor. The defendants also challenge the standing of the plaintiffs, as strangers to the trust, to maintain the action. While the Vice Chancellor noted "in passing" that he was "not persuaded" by the plaintiffs' argument as to their standing, he nonetheless rested his decision on

the jurisdictional point under *Shaffer* and the indispensable party rationale. In light of the Vice Chancellor's opinion and the argument made before us, we consider the standing issue was "fairly presented" to the Court below [Supreme Court Rule 8] and properly before us on appeal.

As the case comes to us, it is conceded by the plaintiffs that the Statute of Frauds bars enforcement of any contractual claim they have asserted in terms of a "right of first refusal". Thus, the case comes to us as a breach of trust case initiated by a stranger to the trust. The essential claim is that the trustees, with knowledge of a potential bidder, failed to adequately market the stock before selling. In light of this posture of the case, and perhaps without the chronological orderliness of the Vice Chancellor, we assume, without deciding, that personal jurisdiction over Stern was proper and reach the question of standing. On that question, we adopt the following argument from the Trustees' brief.

"The *Restatement (Second) of Trusts*, § 200 expresses the generally-accepted rule as to the parties who may enforce trust duties or may seek relief for a breach of trust:

'No one except a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin or obtain redress for a breach of trust.'

Further, Comment d of § 200 is explicit that persons such as the plaintiffs who are not trust beneficiaries but would nonetheless obtain an advantage from enforcing a trustee's duty to the beneficiary cannot maintain an action to assert trust duties. See also, 3 *Scott on Trusts* (3d ed.) § 200; *Restatement (Second) of Trusts*, § 126, Comment a.

. . . . . .

"Similarly, in *H. M. Byllesby & Co. v. Doriot*, Del.Ch., 12 A.2d 603 (1940), it was held that the trustees of a voting trust, who had no beneficial interest in the trust, could not prevent the sole settlor and beneficiary of the trust from terminating the trust.

The necessary implication of *H. M. Byllesby & Co. v. Doriot* is that one who lacks a beneficial interest in a trust has no standing to enforce it. . . ."

We think the Restatement accurately states the traditional view on standing to enforce a trust and we see no reason to depart from that view in this case.

The judgment of the Court of Chancery is affirmed.