H. Diana KOPICKO, Plaintiff Below, Appellant,

v.

STATE of Delaware, the DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH AND THEIR FAMILIES, Defendant Below, Appellee.

No. 521, 2000.

Supreme Court of Delaware.

Submitted: Dec. 4, 2001.
Decided: Feb. 12, 2002.

Noel E. Primos, Schmittinger & Rodriguez, P.A., Dover, Delaware, for appellant.

Malcolm S. Cobin (argued), Ilona M. Kirshon, Department of Justice, Wilmington, Delaware, for appellee.

Before VEASEY, Chief Justice, WALSH and HOLLAND, Justices.

HOLLAND, Justice:

The plaintiff-appellant, H. Diana Kopicko ("Kopicko"), filed an appeal from the September 29, 2000 order of the Superior Court granting summary judgment in favor of the Department of Services for Children, Youth and Their Families ("Department"). The Superior Court granted summary judgment on the basis that sovereign immunity operated as an absolute bar to Kopicko's claim.

This Court heard oral argument. We then requested supplemental memoranda. We have concluded that Kopicko's appeal should be stayed while she pursues administrative relief under the Merit System of Personnel Administration ("Merit System").[1]

### *Termination After Probation*

In July 1997, Kopicko began classified employment as a probationary full-time Senior Family Service Specialist with the Department's Division of Family Services. During Kopicko's one-year probationary period, the appointing authority could discharge her for reasons of unsatisfactory

---

1. Del.Code Ann. tit. 29, ch. 59 (1997).

service or conduct.[2] On October 27, 1997, Kopicko received an Employee Performance Review rating her performance as "Needs Improvement."[3] She received notice on November 21, 1997 that she failed to complete her probationary period successfully and that her supervisor had recommended termination.

Kopicko subsequently received a letter from the Secretary of the Department. The letter stated that her supervisor recommended termination due to her "inability to satisfactorily perform the functions of the job" and that the Secretary supported such recommendation for her termination. The letter further informed Kopicko that "[a]s a probationary employee [she did] not have the right to appeal [the termination] action." On December 31, 1997, Kopicko was terminated from her position.

## Merit System Rules

Under the Merit System, the employing agency may dismiss a probationary employee at any time during the probationary period for reasons of unsatisfactory service or conduct[4] and that determination is final and conclusive.[5] However, where the employee alleges the termination was not due to unsatisfactory service or conduct but rather to discrimination on the basis of non-merit factors, the termination is appealable through the grievance process under Merit Rules chapters 19 and 21.

The Merit Rules' non-discrimination policy is found in Merit Rules chapter 19. That chapter provides in Merit Rule 19.0100 that "[d]iscrimination against **any person** in recruitment, examination, appointment, training, promotion, retention, discipline or any other aspect of personnel administration because of political or religious opinions or affiliations or because of race, national origin, age, sex, physical or mental disability, or **other non-merit factors**" is prohibited.[6] The chapter further provides that "[g]rievances and appeals arising from such factors shall be made in accordance with Chapters 20.0000 and 21.0000."[7]

## Non–Merit Appeal Rights

In this appeal, Kopicko contends that she was dismissed due to discrimination on the basis of non-merit factors. Pursuant to chapter 20 of the Merit Rules, Kopicko could have filed a grievance with her immediate supervisor "within ten (10) working days of the date of the occurrence of events leading to the grievance" or "the date [she] could reasonably be expected to have knowledge of the circumstances leading to the grievance...."[8] Therefore, if Kopicko believed, after receiving her termination letter dated December 31, 1997, that her termination was due to non-merit factors rather than performance-based, she had until January 14, 1998 to file a grievance under Merit Rule 19.0100's non-discrimination provisions.[9] Alternatively,

---

2. Del.Code Ann. tit. 29, § 5922; Merit Rule 11.0400.

3. See id., § 5922(a).

4. Del.Code Ann. tit. 29, § 5922 (1997); Merit Rule 11.0400.

5. See id., § 5922(b).

6. Merit Rule 19.0100 (emphasis added).

7. Merit Rule 19.0300.

8. Merit Rule 20.0310 (amended on August 12, 1999 to Merit Rule 20.6 permitting grievants to file a grievance within "14 calendar days of the date of the grievance matter or the date they could reasonably be expected to have knowledge of the grievance matter").

9. Merit Rules 19.0100, 19.0300, 20.0300 (amended August 12, 1999 to Merit Rules chapter 20), 21.0112.

Kopicko could have filed pursuant to chapter 21 a direct appeal to the Merit Employee Relations Board ("MERB") within ten working days of her termination under Merit Rule 21.0112 ("Appeal from Discrimination"), since her appeal was due to discrimination based on "other non-merit factors." [10]

### Termination Notice Inaccurate

█ In this appeal, the Department submits that since Kopicko contends that her termination was due to discrimination on the basis of non-merit factors, her appropriate course of action would have been to pursue her administrative remedies under the Merit System by either filing a grievance with her supervisor or by filing a direct appeal to the MERB within ten workings days of her termination. Unfortunately, however, the Secretary's letter terminating Kopicko stated that she had no right to appeal the termination action. The Secretary's "no appeal" statement relied on the supervisor's representation that Kopicko's termination resulted from performance issues rather than non-merit factors.

The record reflects that the Secretary's letter inadequately notified Kopicko of her right to appeal.[11] As a result of that improper notice, Kopicko was denied an opportunity to seek redress for termination on the basis of discrimination due to non-merit factors. Since the Secretary's letter deprived Kopicko of an opportunity to pursue the grievance process at the time of her termination, we have concluded that the Department is estopped from asserting a time bar objection to any administrative action Kopicko now takes.

### Stay Pending Administrative Review

We have decided to stay any proceedings in this appeal to allow Kopicko an opportunity to exhaust her administrative remedies.[12] Kopicko must initiate such action within thirty days of this Order. If Kopicko chooses not to pursue administrative action under the Merit System, she must notify this Court. We will proceed to determine her direct appeal on the merits. If Kopicko decides to pursue her administrative remedies, including any appellate rights, the parties shall file a joint status report with the Court every ninety days until that action is concluded.[13]

10. Merit Rule 21.0112 specifically states as follows:

Any applicant or employee who has reason to believe that he/she has been discriminated against because of an interpretation or application of the Merit Rules by the Director or any procedures or regulations established by the Director for the purpose of implementing the Merit Rules may appeal directly to the [Merit Employee Relations Board] within ten (10) working days of the date of the action being appealed. Such appeal must be based on discrimination due to religious or political opinions or affiliations, national origin, race, or **other non-merit factors.** Any employee who has reason to believe he/she has been discriminated against by action within an agency should initiate a grievance in accordance with the grievance procedure. (See also 20.0300) (emphasis added).

11. *Brown v. Div. Family Servs.*, 2002 WL 181252 (Del.Supr.) (discussing inadequate notice of an indigent's right to counsel).

12. Issues considered on appeal are generally restricted to those that are raised in the trial court below. Supr.Ct.R. 8. Although the exhaustion of administrative remedies issue did not form the basis of the trial judge's ruling, the issue was fairly presented below and is properly before this Court on appeal. *Watkins v. Beatrice Cos.*, 560 A.2d 1016, 1020 (Del.1989); *Sergeson v. Delaware Trust Co.*, 413 A.2d 880, 881–82 (Del.1980).

13. Any action filed by Kopicko shall be subject to the current procedures set forth by the Merit Rules.

### Conclusion

Kopicko's direct appeal is stayed while she pursues an administrative course of action under the Merit System.