*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0354p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MARJORIE NIXON,

> *Plaintiff-Appellant,*

*v.*

> No. 07-4140

WILMINGTON TRUST COMPANY, et al.,

> *Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 06-03046—David A. Katz, District Judge.

Submitted: September 22, 2008

Decided and Filed: September 29, 2008

Before: MARTIN, ROGERS, and SUTTON, Circuit Judges.

---

### COUNSEL

---

**ON BRIEF:** Michael D. Portnoy, Rossford, Ohio, for Appellants. Thomas L. Feher, Jennifer M. Burke, THOMPSON HINE, Cleveland, Ohio, for Appellee.

---

### OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. Marjorie Nixon appeals the district court's dismissal pursuant to Rule 12(b)(6) of her claims for breach of fiduciary duty, breach of contract, and respondeat superior liability against Wilmington Trust. We AFFIRM.

I.

In July 2003, Wilmington Trust Company, as trustee, and Symphonix, as settlor, established the Symphonix Devices, Inc., Liquidating Trust Agreement. The Trust Agreement specifically describes "Beneficiaries" as persons that fall into one of two categories: 1) "creditors listed pursuant to Section 5 of the [Plan of Dissolution and Liquidation]" and 2) "former shareholders listed on Exhibit B" of the Trust Agreement.

In March 2006, Nixon obtained a default judgment in a civil suit against Symphonix in which she had alleged personal injuries caused by defective Symphonix cochlear implants. She has been unable to collect her judgment and argues that Wilmington Trust should pay her personal injury default judgment from the Trust.

According to Nixon, Symphonix's former chief financial officer informed Nixon's counsel that the Trust was set up to pay for claims for defective cochlear implants. Nixon says that Symphonix's counsel, Isaac Vaughn, also confirmed that the Trust was intended to compensate individuals who made claims within three years of June 2003. When Nixon's counsel attempted to contact the Trustee in June 2006, Wilmington Trust employees allegedly stated that the Trust had been closed in July 2005 or "years ago."

The district court granted Wilmington Trust's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Nixon now appeals asking this Court to reverse the district court and remand this case for further proceedings.

## II.

We review de novo the district court's dismissal of Nixon's complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). We will affirm the district court only if it appears beyond doubt that Nixon "can prove no set of facts in support of [her] claims that would entitle [her] to relief." *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452-53 (6th Cir. 2003).

## III.

The district court correctly dismissed Nixon's breach of fiduciary duty claim because Wilmington Trust owed her no legal duty. Under Delaware law,[1] to state a claim for breach of fiduciary duty, a plaintiff must show: 1) that a fiduciary duty exists; and 2) that a fiduciary breached that duty. *Legatski v. Bethany Forests Assoc., Inc.*, 2006 WL 1229689, at \*3 (Del. Super. Ct. Apr. 28, 2006). A non-beneficiary to a trust cannot state a claim for breach of fiduciary duty. *Sergeson v. Del. Trust Co.,* 413 A.2d 880, 882 (Del. 1980).

In trust construction cases, the settlor's intent controls the interpretation of the instrument. *In re Couch Trust*, 723 A.2d 376, 382 (Del. Ch. 1998) (citations omitted). A court determines intent by "considering the language of the Trust instrument, read as an entirety, in light of the circumstances surrounding its creation." *Id.* (quotation omitted). Courts will not consider extrinsic evidence to vary or contradict express provisions of a trust instrument that are clear, unambiguous and susceptible of only one interpretation. *Id.* (citations omitted).

Here, the clear and unambiguous language of the Trust Agreement defines two categories of beneficiaries, and Nixon does not fit into either. First, she is not among the "creditors" listed pursuant to Section 5 of the Plan. Section 5 does not describe general creditors – rather it specifically defines "creditors" as stockholders to whom distributions cannot be made, including those who cannot be found.[2] Nixon does not claim to be a stockholder. And Nixon does not fit into the second category because she does not claim to be a "shareholder." The district court correctly concluded that the specific and unambiguous language of the Trust Agreement precluded consideration of extrinsic evidence regarding Symphonix's subjective intent in establishing the trust, including statements purportedly made by Symphonix's officers or counsel. Because Nixon is not

---

[1] Delaware law is applicable pursuant to Section 23 of the Trust Agreement, and Nixon does not challenge its applicability.

[2] Nixon attached a copy of the Trust Agreement, but not a copy of Section 5 or Exhibit B to the Trust Agreement to her complaint. Nevertheless, a court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

a beneficiary of the Trust Agreement, the district court did not err in dismissing her claim for breach of fiduciary duty against Wilmington.

Nixon's breach of contract claim fails as a matter of law for the same reason – she is not a beneficiary of the Trust. The unambiguous purpose of the Trust is "to collect and distribute to the Beneficiaries the income and proceeds of the sale of the Trust Estate." Nixon did not plead the existence of a third-party contract apart from the Trust Agreement, and the Agreement's express terms do not indicate an intent to confer any benefit to non-beneficiaries. The district court therefore properly dismissed Nixon's breach of contract claim without considering extrinsic evidence.

Finally, although Nixon included Wilmington employee James Hanley in her appeal, she had earlier stipulated that she would dismiss all claims against him pursuant to Fed. R. Civ. P. 41(a), and the district court subsequently dismissed him from this action with prejudice. This case does not fit within the narrow circumstances where a party may appeal a stipulated dismissal with prejudice. *See Laczay v. Ross Adhesives*, 855 F.2d 351, 354-55 (6th Cir. 1988).

IV.

In sum, Nixon's breach of fiduciary duty and breach of contract claims against Wilmington Trust are simply not proper causes of action to collect a personal injury judgment entered subsequent to the creation of a liquidating trust, which by its terms clearly and unambiguously defined its purpose and beneficiaries.

For the foregoing reasons, we AFFIRM the district court's judgment.