**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4173
_____


MICHAEL J. MANDELBROT; MANDELBROT LAW FIRM,

Appellants

v.

ARMSTRONG WORLD INDUSTRIES ASBESTOS PERSONAL INJURY
SETTLEMENT TRUST; BABCOCK & WILCOX ASBESTOS PERSONAL INJURY
SETTLEMENT TRUST; OWENS CORNING/FIBREBOARD ASBESTOS
PERSONAL INJURY TRUST; FEDERAL MOGUL ASBESTOS PERSONAL INJURY
TRUST; UNITED STATES GYPSUM ASBESTOS PERSONAL INJURY
SETTLEMENT TRUST; CELOTEX ASBESTOS SETTLEMENT TRUST


_____


On Appeal from the United States District Court
for the District of Delaware
(District Court No.: 1-13-cv-01032)
District Judge: Honorable Gregory M. Sleet

_____



Submitted under Third Circuit LAR 34.1(a)
on September 9, 2015


(Opinion filed: October 15, 2015)


Before: VANASKIE, NYGAARD, RENDELL <u>Circuit Judges</u>

**RENDELL**, <u>Circuit Judge</u>:

Michael J. Mandelbrot, Esq., and the Mandelbrot Law Firm (collectively, "Mandelbrot") appeal from the District Court's order granting the motion to dismiss of Appellees Armstrong World Industries Asbestos Personal Injury Settlement Trust, Babcock & Wilcox Asbestos Personal Injury Settlement Trust, Owens Corning/Fibreboard Asbestos Personal Injury Trust, Federal Mogul Asbestos Personal Injury Trust, United States Gypsum Asbestos Personal Injury Settlement Trust, and Celotex Asbestos Settlement Trust (collectively, "the Delaware Trusts"). The District Court dismissed Mandelbrot's suit for lack of subject matter jurisdiction, holding that Mandelbrot lacked Article III standing because there was no injury in fact. We will affirm.

The Delaware Trusts were formed to pay personal injury claims resulting from exposure to asbestos in products manufactured by companies that had filed for bankruptcy. Mandelbrot specializes in preparing and filing claims with settlement trusts. He has submitted over 13,000 claims on behalf of asbestos claimants to asbestos trusts, including over 2,200 claims to the Delaware Trusts. In October 2012, the Delaware Trusts suspended payment of claims from claimants whom Mandelbrot represented

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

pending further review of claims that he had submitted.[1]  This decision stemmed from adversarial proceedings in California regarding allegedly fraudulent claims that Mandelbrot had submitted to asbestos trusts in California.  The Delaware Trusts also asked Mandelbrot to pay the expected costs of auditing claims from his firm, but he refused.

Mandelbrot then filed this suit alleging that the Delaware Trusts' refusal to process claims from his firm was harming claimants and, by extension, causing him financial losses.  He sought a declaratory judgment proclaiming that the Delaware Trusts' decision to suspend his claims was unauthorized and in violation of the Trusts' respective Distribution Procedures.[2]  He also sought an injunction ordering the Delaware Trusts to process his claims and pay the costs of the audit.

The District Court dismissed Mandelbrot's suit for lack of subject matter jurisdiction because he had not suffered an injury in fact.  It held that adverse actions taken by a trust do not create legally cognizable injuries for non-beneficiary plaintiffs and that Mandelbrot's indirect interest in attorney's fees was insufficient to create an injury in fact.  It also held that the Distribution Procedures did not create an implied contractual relationship that would confer standing upon Mandelbrot.

---

[1] The Delaware Trusts continued to permit Mandelbrot to file new claims via physical, hard copies in order to avoid any statutes of limitations problems for the claimants, but Mandelbrot was suspended from using the Delaware Trusts' electronic claim filing system.

[2] The Delaware Trusts all have Distribution Procedures to guide claimants in filing their claims.

We agree that Mandelbrot has not suffered an injury in fact. A mandatory element of constitutional standing is that "the plaintiff must have suffered an injury in fact," *Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F.3d 164, 175 (3d Cir. 2001), which is "an invasion of a legally protected interest," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Only claimants themselves, not the claimants' representatives, have standing to assert legally cognizable claims against a trust. In other words, "[n]o one except a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin or obtain redress for a breach of trust." *Sergeson v. Del. Trust Co.*, 413 A.2d 880, 882 (Del. 1980) (quoting Restatement (Second) of Trusts § 200 (1959)); *see also In re 1031 Tax Grp., LLC*, 439 B.R. 47, 64-65 (Bankr. S.D.N.Y. 2010) (collecting cases and describing "bedrock rule" that "only the beneficiary or trustee of an express trust has standing to sue to establish and enforce the trust").

Mandelbrot argues that he has standing because of lost fees that he would have realized by representing claimants pursuing claims against the Delaware Trusts. The loss of any attorney's fees that Mandelbrot might have received is insufficient to create an injury in fact. *See Diamond v. Charles*, 476 U.S. 54, 71 (1986) (The loss of a potential fee award "does not mean that the injury is cognizable under Art. III.").

Mandelbrot also argues that the Delaware Trusts' Distribution Procedures and Electronic Filing Agreements created an implied contractual relationship, but these

4

arguments lack merit.  These documents outline procedures for filing claims; they do not

confer rights upon claimants' representatives.[3]

We will affirm the District Court's dismissal of this action for lack of subject

matter jurisdiction.

---

[3] Because Mandelbrot lacks standing, we need not address his argument, which he raises for the first time on appeal, that there is no diversity jurisdiction.  We can address threshold jurisdictional orders in any sequence:  "While . . . subject-matter jurisdiction necessarily precedes a ruling on the merits, the same principle does not dictate a sequencing of jurisdictional issues."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).