*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0483p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RONALD C. FRAZIER,

*Plaintiff-Appellant,*

*v.*

No. 05-3089

HONDA OF AMERICA MFG., INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 03-00466—Algenon L. Marbley, District Judge.

Argued: December 1, 2005

Decided and Filed: December 22, 2005

Before: KENNEDY and GIBBONS, Circuit Judges; DONALD, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Gary A. Reeve, KENNEDY, REEVE & KNOLL, Columbus, Ohio, for Appellant. Robert N. Webner, VORYS, SATER, SEYMOUR & PEASE, Columbus, Ohio, for Appellee. **ON BRIEF:** Gary A. Reeve, KENNEDY, REEVE & KNOLL, Columbus, Ohio, for Appellant. Robert N. Webner, VORYS, SATER, SEYMOUR & PEASE, Columbus, Ohio, for Appellee.

_____

## OPINION

_____

KENNEDY, Circuit Judge. The Plaintiff brought this Family Medical Leave Act ("FMLA") interference claim against the Defendant, his employer, for discharging him after he failed to comply with their absence policy. The district court granted the Defendant's summary judgment motion holding that the Plaintiff did not establish he was suffering from a serious health condition under the FMLA. On appeal, Plaintiff argues that the district court erred by 1) requiring actual FMLA-eligibility rather than simply a good faith belief and; 2) finding that the Plaintiff did not suffer from a serious health condition under the FMLA. For the following reasons, we **AFFIRM**.

_____

[*]The Honorable Bernice Bouie Donald, United States District Judge for the Western District of Tennessee, sitting by designation.

1

## BACKGROUND

Plaintiff Ronald Frazier ("Frazier") began his career working for Defendant Honda of America ("Honda"), in 1995. In July 2000, he started working on the door-line, a job which requires a lot of wrist movement. During the 2000-2001 period, Frazier allegedly violated Honda's leave policy. Honda then placed him in its Attendance Improvement Program, a program designed to help employees who are unable to maintain a 98% attendance rate.

Frazier claims that in June of 2001, he started experiencing severe hand and wrist pain. On July 25, 2001, Frazier notified Honda that he would be unable to come to work because of his wrist pain. The next day, July 26, he called Honda's Leave Coordination Department to request a leave of absence. During that call, Honda asked that Frazier provide it with a medical certification form and told him that leave materials would be sent to him by certified mail. On that same day, Frazier went to see Dr. Kevin Sharrett about the pain in his wrist. Dr. Sharrett saw no signs of swelling but advised Frazier to take off work until August 6, 2001. He prescribed him with 800 milligrams of ibuprofen and told him to immobilize his wrists by wearing splints.

On July 31, 2001, Frazier received a letter from Honda with a sheet titled "Important Facts About HAM's Leave of Absence Policy", a leave of absence request form, and a Certification of Health Care Provider ("CHP") form. Both the letter and the fact sheet explained that the form must be returned within fifteen (15) calendar days of receipt, and noted that date of receipt "counted as day one". Thus, these instructions required return by August 14, 2001.

Frazier returned to work on August 6, 2004. At work he was still experiencing hand and wrist pain and so he visited Dr. Sharrett again on August 14, 2001. Dr. Sharrett advised Frazier to take off another five days of work and recommended that he enroll in an "early intervention program" for employees showing early symptoms of tendinitis or carpal tunnel.

Frazier turned in the CHP form to Honda on August 15, 2001, one day later than Honda's policy and letter indicated the form was due. Because he submitted the form late according to Honda's leave policy, on or about August 20, 2001, Frazier was suspended pending an investigation. On or about August 23, 2001, Honda discharged Frazier for multiple violations of its leave of absence policies, the last violation being his late submission of his CHP form. Honda admits it would not have discharged Frazier had he turned in the CHP form on time.

Frazier filed a Motion for Partial Summary Judgment (liability only) and Honda also filed a motion for summary judgment. The district court found that Frazier did not meet the requirements of the FMLA, as the court found he was not an eligible employee under the FMLA, and granted Honda's summary judgment motion. Frazier appeals.

## STANDARD OF REVIEW

We review the grant and denial of summary judgment *de novo*. Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating motions for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). The nonmoving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.,* 8 F.2d 335, 339-340 (6th Cir. 1993).

### *ANALYSIS*

Under the FMLA, an employee is entitled to up to twelve weeks of unpaid leave each year if the employee has a "serious health condition" which prevents the employee from being able to perform the functions of his or her job. 29 U.S.C. § 2612(a)(1)(D). Congress enacted the FMLA to secure jobs for employees with serious health problems who needed to leave work temporarily. The FMLA allows an employer to request an employee submit a medical certification form to support his or her FMLA leave. Once an employer makes a request, an employee has fifteen days, beginning the day after the request, to submit a medical certification form to his employer explaining the reason for his leave of absence. 29 C.F.R.§ 825.305(b).

On July 26, 2001, Honda made an *oral request* to Frazier, asking that he submit his medical certification form. On July 31, 2002, Frazier received a packet containing *written notice* that the certification form was due "within 15 calendar days". The district court held that the oral request would have been sufficient; however, it was superceded by the subsequent written request.

An employer's request for a medical certification can take written or oral form. 29 C.F.R. § 825.301(c). An oral request is appropriate and "[s]ubsequent written notification shall not be required if the initial notice in the six-months period and the employer handbook or other written documents (if any) describing the employer's leave policies, clearly provided that certification or a "fitness-for-duty" report would be required." 29 C.F.R. § 825.301(c)(2)(ii).

In the six months prior to his request for leave on July 26th it is undisputed that Frazier had been repeatedly notified, in writing, of Honda's requirement that he provide Honda with medical certification. First, Honda's Associate Handbook lists this requirement. Second, Frazier received notification when he was put in Honda's Attendance Improvement Program in April 2001. Finally, Frazier received written notice when he requested leave in March, April, and June of 2001, as each time he requested leave he received a leave packet which stated, in writing, that a completed medical certification would be needed. Given these facts, the district court found the initial oral request would have been sufficient, but that the oral request was superseded by the later written request.[1]

We disagree. The subsequent written request did not act to supercede the oral request, but rather, to extend it. The oral request began the tolling of the 15 day period; the subsequent written request extended that period to the date specified in the letter, August 14, 2001. Honda thus gave Frazier more time than was required under the FMLA regulations. As we find that August 14, 2001 was the end of the 15 day period, we conclude that Honda did not violate the FMLA.

Under the FMLA, an employee "shall provide, in a timely manner, a copy of such certification to the employer". 29 U.S.C. § 2613(a). We find that Frazier's claim fails since he did not submit a certification form by the deadline set by Honda, a deadline which complied with the FMLA. Thus, we do not address Frazier's arguments.

### *CONCLUSION*

For the foregoing reasons, we **AFFIRM** the decision of the district court.

---

[1] In finding the written request "superceded" the oral request, the district court relied in part on a Seventh Circuit decision, *Rager v. Dade Behring, Inc.,* where an employee received oral notification, but then received subsequent written notice which specified a later certification date. 210 F.3d 776 (7th Cir. 2000). That court found the letter triggered the fifteen days because it was the first document the plaintiff received that contained all the necessary information. We note this is different than the case at bar because, as discussed, Frazier had already received, in written form, the necessary and relevant information, thus satisfying the FMLA's written notice requirement.