NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0019n.06

No. 13-3244

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 15, 2014
DEBORAH S. HUNT, Clerk

RICHARD TREGO; CARLA TREGO,                )
                                           )
        Plaintiffs-Appellants,             )
                                           )
v.                                         )       ON APPEAL FROM THE UNITED
                                           )       STATES DISTRICT COURT FOR THE
                                           )       SOUTHERN DISTRICT OF OHIO
                                           )
ALLSTATE INSURANCE COMPANY,                )
                                           )
        Defendant-Appellee.                )
                                           )

Before:  BOGGS and ROGERS, Circuit Judges, and STEEH, District Judge.[*]

        BOGGS, Circuit Judge.  The house of plaintiffs-appellants Richard and Carla Trego burned down during the early morning hours of August 23, 2008.  The Tregos had a homeowners insurance policy with defendant-appellee Allstate Insurance Company.  After the house burned down, the Tregos submitted a claim for the loss to Allstate.  Following its investigation, Allstate denied the Tregos' claim, asserting that the Tregos were involved in causing the fire and that they misrepresented their financial status and their whereabouts prior to the fire.  The Tregos sued, alleging that Allstate breached its contract with the Tregos and denied their claim in bad faith.  The district court granted Allstate's motion for partial summary judgment on the Tregos'

---

[*] The Honorable George C. Steeh, United States District Court for the Eastern District of Michigan, sitting by designation.

bad-faith claim, and the jury found for Allstate at trial on the Tregos' breach-of-contract claim. The Tregos appeal the district court's grant of summary judgment on the bad-faith claim. We affirm the judgment of the district court.

We review a district court's grant of summary judgment de novo. *Frazier v. Honda of Am. Mfg., Inc.*, 431 F.3d 563, 565 (6th Cir. 2005). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). When ruling on a summary-judgment motion, a court must draw all reasonable inferences from the evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Under Ohio law, an insurer fails to exercise good faith in the denial of a claim only where the denial is not "reasonably justified." *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 399 (Ohio 1994). A court should grant summary judgment to the insurer where it finds, "after viewing the evidence in a light most favorable to the insured, that the claim was fairly debatable and the refusal was premised on either the status of the law at the time of the denial or the facts that gave rise to the claim." *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 605 N.E.2d 936, 943 (Ohio 1992). Thus, in opposing the motion for summary judgment, an insured must "show that the insurer had no reasonable justification for refusing the claim." *Id.*

Here, following a trial on the merits, a jury found that Allstate did not breach its contractual obligations. That is, the jury found that Allstate was not obligated to reimburse the Tregos for their loss. It is difficult to conceive of circumstances under which Allstate could deny

in bad faith a claim that it did not in fact owe. Said differently, it is hard to imagine that Allstate could have had "no reasonable justification" for denying the claim when the jury agreed with Allstate that the claim was not owed. Although it is theoretically possible that, under these circumstances, Allstate could have nonetheless denied the claim in bad faith—for example, by refusing to conduct any investigation—such exceptional circumstances are not present here.

Allstate denied the Tregos' claim in part because it suspected that the Tregos had burned down their own home. Under their contract, the Tregos could not recover if the loss was caused by the "intentional . . . acts" of any insured person. Allstate's licensed and certified fire investigator testified that he found evidence of two separate fires in different locations in the home that began around the same time, and that he obtained ignitable liquid samples from the front-door threshold—both indicators that the fire was deliberately set. The testimony of Allstate's expert was not disputed. The Tregos also do not dispute that they had been experiencing significant financial trouble in the period leading up to the fire. Moreover, the evidence—including Mrs. Trego's own testimony—revealed that just before the fire, Mrs. Trego had packed away various items of personal property, including sentimental items like her wedding dress and family photos, and placed them in the garage, where they remained unharmed by the fire. Allstate was aware of this fact at the time that it was evaluating the Tregos' claim.

The Tregos suggested that Mrs. Trego's former husband might have set the fire out of jealousy, but upon investigating this allegation—interviewing both the ex-husband and a third-party witness—Allstate learned that Mrs. Trego's ex-husband had a believable alibi for his whereabouts on the night of the fire. As for the Tregos, they claimed that they were camping on a distant part of their property at the time the fire was set.

The Tregos argue that Allstate acted in bad faith by failing to interview their "critical witness," David "Scotty" Shonk, who supposedly saw Mrs. Trego's ex-husband on the access road to the Tregos' home just before the fire was set. Pl.'s Br. at 1-2. But the Tregos do not dispute that they failed to provide Allstate with Shonk's contact information—or even his real name—despite four written requests from Allstate for this information prior to the denial of their claim. *See* Def.'s Br. at 25. Accordingly, any contention that Allstate acted in bad faith in not interviewing Shonk lacks merit.

We do not know whether the Tregos in fact caused the fire, but that is irrelevant to the question whether Allstate acted in bad faith in denying their claim. On these facts, a reasonable jury could not find that Allstate had "no reasonable justification" to believe that the Tregos' intentional acts caused the fire. The Tregos fail to point to any evidence of Allstate's bad faith in investigating and ultimately denying their claim of loss. In view of the foregoing, we AFFIRM the judgment of the district court.