NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0224n.06

No. 13-1740

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SCOTT A. MERRITT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| EXPERIAN, et al., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MERRITT, BOGGS, and STRANCH, Circuit Judges.

BOGGS, Circuit Judge. A credit-card application in the name of "Merritt Ventures, Inc." was submitted to Elan Financial Services ("Elan"), ostensibly by Scott A. Merritt. Elan subsequently accessed Merritt's credit report and denied the application. Merritt, proceeding pro se, filed suit against Elan, asserting various claims under the Fair Credit Reporting Act ("FCRA"). The district court granted Elan's motion for summary judgment and dismissed Merritt's complaint with prejudice. Because Merritt's allegations do not state a claim under FCRA, we affirm.

I

On June 11, 2012, Elan received an application for a KeyBank business credit card to be issued in the name of "Merritt Ventures, Inc." The application listed the business's name as "Merritt Associates." "Merritt Ventures, Inc." is a Michigan corporation that lists Scott A. Merritt as its president and CEO. Elan serviced KeyBank's business credit-card applications.

1

In submitting the application, the credit card applicant authorized "Elan Financial Services . . . to obtain a consumer credit report and a business credit report for use in assessing his/her personal creditworthiness in connection with an application by Business, of which Business Owner is an employee, principal, owner partner, officer, or guarantor."

That day, Elan accessed Merritt's credit report in order to review his eligibility for the KeyBank business credit card. Elan did not access Merritt's credit report again.

Merritt states that on June 21, 2012, he wrote to Experian, a credit reporting agency, demanding that Experian remove certain unauthorized inquiries on his credit report, including Elan's June 11, 2012, inquiry.[1] Merritt did not state the basis for his demand. On June 28, 2012, Elan denied the business card application for Merritt Ventures. On August 6, 2012, Merritt again wrote to Experian, demanding that certain inquiries be removed from his credit report and threatening legal action; again, he provided no basis for the demand.

On August 31, 2012, Merritt filed suit in federal court against Experian, Wanda Williams,[2] and Elan, asserting "FRCA violations." Merritt submits that, around this time, he wrote to Elan demanding that it "execute [an] enclosed agreement" and threatening legal action.[3] On September 21, 2012, Merritt submits that he wrote to Elan, notifying it that he filed suit "for specific performance" and for Elan "to update [Merritt's] credit reports." Merritt offered to settle the matter if Elan "execute[d] the attached agreement" and submitted a "one time payment." On October 10, 2012, Merritt submits that he again wrote to Elan demanding that certain items be removed from his credit report and threatening legal action.

---

[1] Merritt asserts various facts not made part of the record under Fed. R. Civ. P. 56, but because Merritt proceeds pro se, we liberally construe his factual assertions in his pleadings and filings.
[2] The record is unclear as to Wanda Williams's relation to this case.
[3] The record does not appear to contain the enclosed agreement.

On November 8, 2012, Merritt submits that Elan wrote to him explaining that its records "indicate that the inquiry in question was a direct result of receiving an application in your name for a Key Bank Business Mastercard with credit card Keybank NA." Elan also explained that it was unable to remove the inquiry, as it was only "the service provider" for Keybank. Elan informed Merritt that if he did not, in fact, submit the application and if he felt that he were the victim of identity theft, then he could submit the enclosed identity-theft claim and affidavit.

Around November 15, 2012,[4] Merritt submits that he responded to Elan, again demanding that it remove the unauthorized inquiry from his credit report and threatening legal action. In this letter, Merritt stated that Elan's credit inquiry was, in fact, unauthorized and that Elan was in violation of "15 USC Sections 616 & 617" and "15 USC Section 623."[5] Merritt did not appear to submit the identify-theft claim and affidavit. He did, however, attempt to explain his failure to do so: "In the only response of recent by you was enclosed an affidavit but a state approved affidavit was submitted to you previously multiple times and you failed to act accordingly. [Consequently,] the item is required to delete without exception in its entirety."

The district court, pursuant to a joint stipulation, dismissed the case against Experian and Williams with prejudice. Elan moved to dismiss Merritt's complaint, or in the alternative, for summary judgment. In his response to Elan's motion, Merritt stated, for the first time in court, that the KeyBank application was unauthorized and fraudulent. Merritt stated that he was the victim of identity theft. He also claimed, for the first time, that Elan violated "15 USC Sections

---

[4] Merritt's purported letter is dated November 15, but his certified mail receipt indicates that it was mailed on November 20.
[5] 15 U.S.C. §§ 616 & 617 have been repealed, and § 623 does not appear in Title 15 of the United States Code.

616, 617, 623, 681, & 1681"[6] by failing to respond to his complaint about an improper inquiry. The district court granted Elan's motion for summary judgment and dismissed Merritt's complaint with prejudice. We affirm.

II

We review de novo the district court's grant of summary judgment. *Frazier v. Honda of Am. Mfg., Inc.*, 431 F.3d 563, 565 (6th Cir. 2005).

III

A person violates the Fair Credit Reporting Act by obtaining a consumer credit report for an unauthorized purpose. *See* 15 U.S.C. § 1681b(f)(1). One express authorized purpose, though, is "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to . . . the consumer." § 1681b(a)(3)(A). Because no set of facts in the record suggests that Elan accessed Merritt's credit report for anything other than this purpose, Merritt's claim fails.

Merritt, in various pleadings, maintains that the credit-card application was unauthorized and fraudulent. Merritt does not support this assertion by citing any evidence. A party disputing a fact must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Merritt did file a notarized objection to the magistrate judge's report and recommendation. Assuming that this objection constitutes part of the factual record, it does not alter our judgment. *Cf. Emp'rs Ins. Of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 106 (6th Cir. 1995) (reversing summary

---

[6] 15 U.S.C. § 681 pertains to the organization of small business investment companies. Merritt, however, hits the mark with § 1681, which codifies numerous provisions of the Fair Credit Reporting Act.

4

judgment where district court failed to consider sworn discovery responses supporting non-moving party's allegations). Assuming, as alleged, that the application was fraudulent, Merritt does not allege or provide any evidence to show that Elan's accessing his report was knowingly unauthorized on June 11, 2012.

On appeal, Merritt's primary argument appears to be that Elan failed to investigate his complaint about an unauthorized credit inquiry. Merritt did not raise this claim in his complaint, and so the district court did not address it. Assuming Merritt did properly preserve this claim, it would fail because Merritt offers no support for it in the record. The obligation to follow up on a consumer's complaint of identity theft rests with the "consumer reporting agency." § 1681c-1(a)(1). Elan is not a consumer reporting agency. Even if it were, the obligation is only triggered when a consumer makes a complaint "in good faith." *Id.* The consumer must provide "sufficient information [to the consumer reporting agency] to investigate the disputed information." § 1681i(a)(3)(A).

"Furnishers" of information to consumer reporting agencies do have certain responsibilities to investigate—but only after receiving a request from a consumer reporting agency to respond to a dispute. *See* § 1681s-2(b)(1); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012); *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) ("A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute."). But there is no evidence that Elan "furnished" information to Experian, that Experian notified Elan of the dispute, or that Elan failed to investigate reasonably.

## IV

It is no doubt frustrating for a consumer to contest an item on a credit report. But federal law does not automatically hold Elan liable for that frustration. It is also not clear what relief Elan could even afford Merritt at this point. Experian, not Elan, is responsible for Merritt's credit report, and Experian is no longer a party. Because Merritt's allegations, even if supported by the record, do not state a claim under the Fair Credit Reporting Act, we AFFIRM the district-court judgment.